DAYLE ELIESON
United States Attorney
CHRISTOPHER BURTON
Assistant United States Attorney
Nevada State Bar No. 12940
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336/FAX: (702) 388-5087
Christopher.Burton4@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS LEWIS,<br><br>Defendant. | 2:18-cr-00238-RFB-CWH<br><br>**STIPULATION FOR A PROTECTIVE ORDER** |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, any recordings produced by the Government during discovery under Bates stamp number(s) 171 and 172 (the "Protected Material"). The parties state as follows:

1. The indictment in this case first issued on February 3, 2018.

2. Trial is currently set for October 10, 2018. The Government desires and intends to continue producing discovery, including that discovery designated by Bates stamp numbers 171 and 172, as soon as possible.

3. The indictment in this case arises out of covert investigation into the Defendant's distribution of controlled substances, including cocaine and methamphetamine. The investigation

involves a number of controlled buys wherein the Defendant distributed controlled substances to an undercover officer. Multiple cell phone contacts occurred between the Defendant and the undercover officer surrounding these controlled buys. The Defendant's cell phone was subsequently seized and forensically reviewed. The contents of the Defendant's cell phone have been placed on two Blu-Ray discs and comprise approximately 45 gigabytes of data. Included in the content of the Defendant's cell phone is personal identifying information of other persons, including phone numbers and physical and email addresses. While the Government has already made available redacted discovery designated by Bates stamp numbers 0001-170, disclosure of the content of the Defendant's cell phone which includes personal identifying information of other person who may be potential witnesses and suspects has not yet been produced. That yet to be produced material, the Protected Material, is designated by Bates stamp numbers 171 and 172.

4. The Government believes that dissemination of the Protected Material, could reveal personal identifying information of potential witnesses.

5. In order to protect the potential witnesses and suspects involved in and revealed by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: the defendant, attorneys for all parties, and any personnel that the attorneys for all parties considered necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. Without leave of Court, the Covered Individuals shall not:

    a. make copies for, or intentionally allow copies of any kind to be made by any other person of the Protected Material in this case or intentionally permit dissemination of the Protected Material at the Pahrump jail facility, or any other detention facility where the Defendant is housed, to include leaving a copy of

the Protected Material unsecured at any detention facility where the Defendant is housed;[1]

    b. intentionally allow any other person to read, listen, or otherwise review the Protected Material;

    c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d. attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

10. Finally, upon conclusion of this action, the Defendant's attorneys agree to return to the United States, or destroy and certify to Government counsel the destruction of the protected information, within a reasonable time, not to exceed thirty days after the last appeal is final.

///

---

[1] It is the parties' understanding that, in the event the Defendant is ever housed in a correctional facility during the pendency of this case, a copy of the Protected Material will be provided to the library located at the Pahrump jail facility where the Defendant can check it out and view it as needed. However, when the Defendant is finished viewing the Protected Material, he must return his copy of the Protected Material to the library for safekeeping.

11. The defense hereby stipulates to this protective order.

Respectfully submitted,
For the United States:

DAYLE ELIESON
United States Attorney

_____/s/_____
CHRISTOPHER BURTON
Assistant United States Attorney

For the Defense:

_____/s/_____
YI LIN ZHENG, ESQ.
WILLIAM TERRY, ESQ.
Attorney for NICHOLAS LEWIS

**IT IS SO ORDERED:**

_____          September 28, 2018
RICHARD F. BOULWARE II                       Date
United States Magistrate Jude